## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

ROOSEVELT E. HUNT JR.,                )
                                       )
       **Plaintiff *pro se*,**          )
                                       )
v.                                     )     Case No. 25-1197-DDC-GEB
                                       )
MERIDIAN HEALTH AND REHAB, LLC,        )
LATOYA ARNOLD, RODNEY CLOSE, and       )
TUTERA SENIOR LIVING AND HEALTH        )
CARE, INC.,                            )
                                       )
Defendants.                            )
_____)

## ORDER

The Court held a discovery hearing in this matter. Plaintiff, pro se, appeared in person. Defendants appeared through counsel Daniel Ramon. During the hearing Plaintiff raised an Oral Motion to Compel (ECF No. 64). The Court and parties additionally discussed the remaining deadlines in this matter. The parties' collectively raised a Joint Oral Motion to Amend the Scheduling Order (ECF No. 65) to: 1) extend certain deadlines to permit Plaintiff to possibly engage counsel in this matter; 2) to complete discovery, including the supplementation of responses and additional production addressed in this Order; and 3) to prepare the appropriate Pretrial Order encompassing all claims remaining in the case. Having reviewed Plaintiff's prior Motion to Compel,[1] Defendants' position statement in response, the parties' conferral

---

[1] ECF No. 55. Plaintiff filed his prior Motion to Compel without requesting a pre-motion conference. The Court denied without prejudice Plaintiff's motion and set the case for the required conference. Defendants were given the opportunity to provide a written position statement, with relevant caselaw, and were requested to provide the Court with copies of all conferral correspondence and the relevant discovery requests. After the submission of the requested materials, it was unclear which requests for production were affiliated with each of the topics raised by Plaintiff. The Court requested, and Plaintiff provided, a delineation of each discovery response affiliated with each topic.

1

correspondence, the relevant discovery responses, and the current deadlines, additionally having heard the argument of Plaintiff and Defense counsel, the Court **GRANTED** Plaintiff's Oral Motion to Compel **(ECF No. 64)** and **GRANTED** the parties' Joint Oral Motion to Amend Scheduling Order **(ECF No. 65)**.

## I.      Plaintiff's Oral Motion to Compel

Before addressing Plaintiff's individual topics, the Court notes the temporal scope of all requests for production addressed during the hearing encompasses, by agreement of the parties, January 1, 2024 through December 31, 2024, unless otherwise specified.

### a.      Topic No. 1 – R53 Suicide Investigation File – Affiliated Responses - Plaintiff's Second/Narrowed Requests for Production No. 2, 5 and 6

After discussion regarding the single report Plaintiff sought in addition to the documents Defendants have previously produced, the Court found the requested document was relevant to Plaintiff's claims. The Court overruled Plaintiff's relevance and other objections and ordered the production of the requested report no later than **August 12, 2026**.

### b.      Topic No. 2 – The E.A. Abuse, Neglect, and Exploitation In-Service Records – Affiliated Response to Second/Narrowed Request for Production No. 10

The Court and parties discussed whether additional records regarding the attendance of the subject Abuse, Neglect, and Exploitation In-Service exist. Defendants were directed to search again for any records in addition to the attendance roster previously produced. Defendants shall produce any additional records found and shall supplement their response to Second/Narrowed Request for Production No. 10 to certify no later than **August 12, 2026** that after a reasonable search, no responsive documents beyond those produced were located.

**c.      Topic No. 3 – The D.W. Incident File and Internal Notes (October 25, 2024 Suspension) – Affiliated Responses to Second/Narrowed Request for Production Nos. 1 and 3**

Defendants have previously produced the requested incident file. The file, however, did not include any communications between Defendants' personnel, particularly Director Joe Pollina and then Administrator Rodney Close, regarding Plaintiff and the October 25, 2024 suspension. The Court overruled Defendants' relevance and proportionality objections, to Plaintiff's request for his complete HR file to the extent it sought communications, including emails and text messages. However, the Court narrowed Request for Production No. 1 (Second/Narrowed Set of Requests) to the temporal scope for the communications sought to October 25, 2024 only. Defendants shall produce any communications located and supplement their affiliated response no later than **August 12, 2026**. The supplemented response shall identify by bates number any communications produced and certify that after a reasonable search, no responsive documents beyond those produced were located.

**d.      Topic No. 4 – The S.D. Suspension File (September 27, 2024) – Affiliated Responses Second/Narrowed Set of Requests for Production, Request Nos. 1 and 5 and Third Set of Requests for Production, Request Nos. 1 and 2**

After discussion with the parties regarding the basis for the requests and hearing explanation of the particular records requested, the Court overruled Defendants relevance, vagueness, and overbreadth objections as discussed during the hearing. Defendants shall produce the suspension file regarding Plaintiff's September 27, 2024 suspension; any related huddle notes; and the relevant Medication Administration Record ("MAR") records, including audit trails; no later than **August 12, 2026**.

**e.**     **Topic No. 5 – OnShift System Modification History and Roster Metadata (July-December 20, 2024) – Affiliated Response Second/Narrowed Set of Requests for Production, Request No. 8**

Plaintiff withdrew his request to compel any further response regarding this request for production. No further response from Defendants is necessary.

**f.**     **Topic No. 6 – The September 12, 2024 Wound Care "Maggot Report" – Affiliated Responses Second/Narrowed Set of Requests for Production, Request Nos. 2 and 12**

Plaintiff shall, as quickly as possibly, produce to defense counsel any communications sent to Defendants' management or personnel regarding the alleged wound care incident. Defendants shall produce any documents responsive to these requests related to the alleged wound care incident, even if the incident was found to be unsubstantiated, no later than **August 12, 2026** and certify same to the Court.

**g.**     **Topic No. 7 – Individual Defendant Rodney Close's Personnel and Separation Records – Affiliated Requests Second/Narrowed Set of Requests for Production, Request Nos. 4 and 13 and Fourth Set of Requests for Production, Request Nos. 8**

As discussed, Defendants shall review their files regarding Mr. Close for any additional information regarding the reason for his separation from employment with Defendants. Defendants shall produce any additional documents located and supplement their affiliated responses no later than **August 12, 2026**. The supplemented responses shall identify by bates number any additional documents produced and certify that after a reasonable search, no responsive documents beyond those produced were located.

**h.**     **Topic No. 8 – Individual Defendant LaToya Arnold's Personnel and Disciplinary File – Affiliated Requests Second/Narrowed Set of RFPs, Request Nos. 8 and 13 and Fourth Set of RFPs, Request No. 7**

Plaintiff withdrew his request to compel any further response to the Affiliated Requests. No further response from Defendants is necessary.

4

### i.    Defendants' Privilege Log

The privilege log submitted by Defendants is deficient. It contains three entries for all documents going back as far as September 3, 2024 to the present which were withheld on the basis of attorney-client privilege or the attorney work product doctrine. The privilege log attempts to segregate any such privileged documents into three categories: 1) correspondence between counsel and Defendants' personnel related to Plaintiff's October 2024 complaint and any investigation thereof; 2) correspondence between counsel and Defendants' personnel related to Plaintiff's claims and allegations, discovery, and litigation strategy in this matter; and 3) work papers and notes of counsel of record and others regarding Plaintiff's claims and allegations, discovery, and litigation strategy in this matter. Bates numbers for these categories, let alone individual documents, are not provided.

The privilege log presented does not sufficiently advise Plaintiff of what information is being withheld and it does not permit the Court to make any ruling regarding the claims of privilege. The Court directs counsel and Plaintiff to confer no later than **August 5, 2026** regarding any possible agreements about information that would not need to be included on a privilege log; communications or work papers prepared after Plaintiff filed his Petition in the District Court of Sedgwick County, Kansas which was later removed to this Court, for example. After reaching any agreement with Plaintiff, Defendants shall produce a privilege log which complies with the Federal Rules of Civil Procedure and caselaw in this District to Plaintiff and the Court no later than **August 12, 2026**.

### j.    Fourth Set of Requests for Production, Request No. 9

During the hearing, Plaintiff raised an issue regarding Defendants' response to Request No. 9 to his Fourth Requests for Production which was not raised in his prior Motion to Compel. The

request seeks disciplinary histories, attendance logs, medication error tracking entries, corrective action plans, and other information for all individuals similarly situated to Plaintiff - comparators to Plaintiff. After discussion, the Court narrowed the request to the four named comparators and limited the request to the agreed upon temporal scope. The parties are encouraged to confer regarding any further narrowing of this request. Defendants shall supplement their response to this request, identifying by bates number any documents produced, and shall produce the identified responsive documents no later than **August 12, 2026**.

## II.    Joint Oral Motion to Amend Scheduling Order

During the hearing both Plaintiff and Defendants raised questions regarding the current deadlines. Plaintiff anticipated engaging counsel and inquired whether new counsel would have to abide by a schedule where the deadline for the submission of the Pretrial Order and holding the Pretrial Conference were approaching rapidly. Defendants sought an extension of a certain deadline to supplement a response to one of Plaintiff's requests for production and produce responsive documents. The extension of the deadline would make the timely submission of a proposed Pretrial Order difficult. Therefore, the parties and the Court generally discussed the extension of remaining deadlines to address the concerns of both parties.

The discovery hearing occurred just shortly after the close of discovery on July 31, 2026. The deadlines for Defendants to produce supplemental responses and discovery as ordered at the discovery hearing accordingly occur after the current close of discovery. Plaintiff served four sets of objections and discovery responses just 2 days before the discovery cutoff. To permit the parties to work through any remaining discovery issues, have time to prepare a proposed Pretrial Order, and prepare dispositive motions, the Court finds good cause to amend the remaining deadlines in

the Scheduling Order. After consultation with the District Judge, the remaining deadlines are extended as follows:

- Close of discovery – **September 30, 2026**;

- Proposed Pretrial Order due to the undersigned's chambers – **October 14, 2026**;

- Pretrial Conference before undersigned Magistrate Judge on **October 21**, **2026 at 11:00 a.m. via Zoom**;

- Dispositive motion deadline – **October 28, 2026**;

- Jury Trial set for **August 2, 2027 at 9:00 a.m.** before District Judge Daniel D. Crabtree in Wichita, Kansas, courtroom to be determined.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Oral Motion to Compel is **GRANTED (ECF No. 64)** and the parties' Joint Oral Motion to Amend Scheduling Order  is **GRANTED (ECF No. 65)**.

**IT IS SO ORDERED.**

Dated: August 6, 2026

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

7